LOTTINGER, Judge.
This is a suit for damages resulting from physical injuries to petitioner, Mrs. Lucille K. Smith. The defendants are James Ponder and his liability insurer, Hardware Mutual Casualty Company. The Lower Court awarded judgment for petitioner in the sum of Four Thousand Nine Hundred Seventy-eight and 58/100 ($4,978.58) Dollars. The defendants have taken a suspen-sive appeal.
We were not favored with a transcript of testimony in this matter. However, we do *684 have a narrative of facts provided by-counsel in accordance with the provisions of Article 2131 of the LSA-Code of Civil Procedure, as well as reasons for judgment provided by the Lower Court.
The record discloses that petitioner, who had been living in a house trailer at Jackson, Louisiana, desired to have her trailer moved to Hammond, Louisiana. She called the ■defendant, who was engaged in the business •of moving trailers to perform this service for her. The defendant is a professional house-trailer mover he having been engaged in this occupation for a period of twenty-two (22) years and he is licensed to do such work as a common carrier by the Louisiana Public Service Commission.
'The defendant testified that the trailer to be moved was fifty (50') feet long and ten (1CK) feet wide and it had four wheels, two on each side in tandem, located nearer to the back end of the trailer than the front. The trailer was set on concrete blocks. At the front end of the trailer there was located a tongue or coupling at the front end of which there was a jack used for raising or lowering the front end of the trailer when at rest. After arriving at the scene on the day of the accident, the defendant testified that he commenced moving the blocks from under the trailer. In order to do this, he first raised the jack, turning it twice so that the blocks could be removed. He testified that during this time the petitioner and her son, Mr. Paul Knight, were going in and out of the trailer, loading certain articles from the trailer to petitioner’s automobile. He testified that, as he proceeded to remove the concrete blocks from under the trailer, petitioner and her son were standing behind him and talking to him as he worked. He then walked to his truck to get his hydraulic jack to jack up the rear of the trailer so that he could remove the concrete blocks which were situated under the back end of the trailer. While he was walking to the rear of the trailer, the concrete block under the coupling device crumbled on one side, and the front end of the trailer fell a distance of some eight inches. He testified that he then walked to the door of the trailer, opened it and saw petitioner and her son standing inside the trailer by the couch in the living room.
Petitioner and her son testified that during the whole course of the procedure as testified above by the defendant, she and her son were inside the trailer, and that they did not know, nor had they been informed by the defendant that he was proceeding to remove the blocks from under the trailer. Petitioner testified that when the trailer suddenly fell she was thrown forward onto the floor hitting her shoulder. Her son immediately came to her aid and lifted her from tlie floor. She experienced immediate pain and felt dizzy. She testified that Mr. Ponder came to- the door of the trailer and asked if anyone had been hurt, whereupon she replied that she had fallen and was feeling badly. As a result of the accident the petitioner received a rather severe whiplash injury which was painful and slow in healing because of an arthritic condition.
The Lower Court held the defendant negligent, and failed to find any contributory negligence on the part of petitioner. It awarded judgment in favor of petitioner and against defendant in the sum of Three Thousand Five Hundred ($3,500.00) Dollars for injuries, pain and suffering and in the sum of Fourteen Hundred Seventy-eight and 58/100 ($1,478.58) Dollars, for medical expenses and loss of wages.
 We feel that, based upon the evidence in the records, there is no question but that the defendant was guilty of negligence in failing to warn petitioner and her son that he was removing the blocks from under the trailer. The records disclose that he was a professional trailer mover and had been in the business for some twenty-two years. The Courts have repeatedly held that a person who holds himself out as skilled in any art, trade or profession is primarily liable for any damage to persons who place themselves or their belongings in his charge, since they are justified in relying on the skill *685 which he holds himself out as possessing. The expert has an obligation to warn of any incidental danger of which he is cognizant due to the particular knowledge of his specialty. Mixon v. Brechtel, La.App., 174 So. 283, American Manufacturers Mutual Insurance Company v. United Gas Corporation, La.App., 159 So.2d 592.
We further feel that the Lower Court was correct in finding that no contributory negligence was shown on the part of petitioner. Although the testimony is conflicting upon this score both the petitioner and her son testified that they had no knowledge that the defendant was removing the concrete blocks from under the trailer. The Lower Court chose to accept their testimony in this regard and we agree with its finding.
With regard to quantum, the evidence discloses that on the evening of the accident the petitioner was given emergency treatment at the 7th Ward Hospital in Hammond. Three days later, on March 15, 1963 she reported to Dr. A. J. Feder, complaining of pain in her neck and shoulder. She was hospitalized from April 1 to April 12 for treatment, traction, and supportive treatment. Dr. Feder testified that she sustained an incomplete fracture of the spinus process of T 1 and some straightening of the curvature of the spine. Hypertropic degenerative changes were also noted. She was in considerable pain and it was necessary that morphine be administered for the first few days. Petitioner was dismissed from treatment on August 6, 1963. She returned to work on June 3, 1963, however, she was again off work from July 1 through July 11 due to dizziness and pain.
The Lower Court awarded petitioner the sum of Thirty-five Hundred ($3,500.00) Dollars for her injuries, pain and suffering. Special damages were also shown in the sum of Fourteen Hundred Seventy-eight and 58/100 ($1,478.58) Dollars.
Due to the rather severe injuries received by petitioner which caused her considerable pain and suffering, we feel the award of the Lower Court was reasonable and should be maintained.
For the reasons hereinabove assigned the judgment of the Lower Court will be affirmed, and all costs of this appeal shall be paid by defendant.
Judgment affirmed.